# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3497 | **DATE** | 7/17/2003 |
| **CASE TITLE** | United States of America *ex rel.* Vaughn McGee v. James M . Schomig | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Vaughn McGee's petition for Habeas Corpus pursuant to 28 U.S.C. § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum and opinion order, Vaughn McGee's petition for habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

(11) ■ [For further detail see attached memorandum and opinion order.]

| | | | number of notices | **Document Number** |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 25 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | docketing deputy initials | 12 |
| X | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| mds (lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel, VAUGHN McGEE | ) ) ) | DOCKETED JUL 2 5 2003 |
| Petitioner, | ) ) | |
| v. | ) ) | No. 00 C 3497 |
| | ) | HONORABLE DAVID H. COAR |
| JAMES M. SCHOMIG, Warden Pontiac Correctional Center, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner Vaughn McGee's ("petitioner" or "McGee") petition for

habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, this Court denies the

petition.

### I. Factual and Procedural Background

McGee is incarcerated at Pontiac Correctional Center in Pontiac, Illinois. Following a

jury trial, he was found guilty of aggravated criminal sexual assault, aggravated kidnaping,

aggravated criminal sexual abuse, and armed robbery. McGee was sentenced to extended term

sentences of 50 years' imprisonment for each count of aggravated criminal sexual assault and

armed robbery, 15 years' imprisonment for aggravated kidnaping and 5 years' imprisonment for

aggravated criminal sexual abuse. All the sentences are to run consecutively for a total of 120

years' imprisonment. Petitioner appealed to the Illinois Appellate Court, First District. On

appeal, he raised three issues: (1) the trial committed prejudicial error by allowing into evidence

improper other crimes evidence; (2) Petitioner was denied a fair trial by improper arguments by

-1-



the prosecutor to the jury; and (3) Petitioner's sentences were excessive. On August 28, 1997, the Appellate Court affirmed Petitioner's conviction and sentences.

Petitioner filed his petition for leave to appeal to the Illinois Supreme Court. In his petition, Petitioner resubmitted the brief and reply brief that had been submitted to the Illinois Appellate Court. The Illinois Supreme Court denied the petition on December 3, 1997.

Petitioner filed a petition for post-conviction relief on May 1, 1998. In his petition for post-conviction relief, Petitioner raised the following issues: (1) Petitioner was denied his constitutional right to effective assistance of counsel when appellate counsel failed to argue that trial counsel was ineffective due to trial counsel's failure to object to improper and prejudicial arguments by the prosecutors and place same in her post-trial motion; (2) Petitioner was denied his right to effective assistance of counsel when trial counsel failed to object to improper arguments by the prosecutor which were indirect references to the Petitioner's failure to take the witness stand in his own defense. Petitioner's post-conviction petition was denied on July 9, 1998 as frivolous and patently without merit.

Petitioner appealed the dismissal of his post-conviction petition to the Illinois Appellate Court, First District. On November 6, 1998, Petitioner's counsel filed a motion to withdraw pursuant to <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987). Petitioner filed a response to counsel's <u>Finley</u> motion. The Illinois Appellate Court affirmed the denial of Petitioner's post-conviction petition and granted counsel's <u>Finley</u> motion. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court. In his petition for leave to appeal, Petitioner raised the following issues: (1) the circuit court erroneously denied Petitioner leave to proceed *in forma pauperis*; (2) the circuit court erroneously denied the request for post-conviction relief *ex parte*, without entering a finding as to the merits of Petitioner's claim; (3) the Illinois Appellate Court erroneously failed to

review the circuit court's denial of leave to proceed [*in forma pauperis*]; (4) the Illinois Appellate Court applied the wrong standard for review when reviewing the trial court's dismissal of Petitioner's post-conviction petition; and (5) the Illinois Appellate Court erroneously did not reach the merits of Petitioner's post-conviction petition. The Illinois Supreme Court denied the petition for leave to appeal on September 13, 1999.

On June 9, 2000, McGee filed the instant petition for writ of habeas corpus.

## II. Habeas Corpus Standards

A writ of habeas corpus remedies a situation where a petitioner is held "in custody in violation of the Constitution or laws or treaties of the United States." Coleman v. Thompson, 501 U.S. 722, 730 (1991). Before a federal court can reach the merits of petition for a writ of habeas corpus under 28 U.S.C. § 2254, the petitioner must exhaust the available state-court remedies. Habeas corpus petitioners exhaust all of their state-court remedies when: (1) they present them to the highest court of the state; or (2) no state remedies remain available to the petitioner at the time that the federal petition is filed. See Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). Here, Petitioner exhausted his state court remedies by utilizing both a direct appeal and a post-conviction petition.

Once Petitioner exhausts his state court remedies, he may seek federal habeas review if his claims allege he is being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). However, procedural default is also a barrier that can prohibit a federal court from examining the merits of a habeas corpus petition. Procedural default occurs either when: (1) a petitioner fails to raise an issue on direct appeal or post-conviction review, see Farrell, 939 F.2d at 410; or (2) the state court clearly relies on a state procedural bar as an independent basis for its denial of relief. See Caldwell v. Mississippi, 472 U.S. 320, 327 (1985).

-3-

If a petitioner has procedurally defaulted on any claim, this Court can only grant relief if: (1) there is adequate cause for his failure to raise the claim in state court and prejudice resulting from the default – i.e., "cause and prejudice" – Wainwright v. Sykes, 433 U.S. 72, 87 (1977); or (2) default would result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Even where a federal court reaches the merits of a petitioner's claim, relief is only warranted in certain circumstances. To prevail, a habeas corpus petitioner must show that adjudication of the case resulted in a decision that was:(1) contrary to, or (2) an unreasonable application of clearly established federal law as determined by the United States Supreme Court; or, (3) based on an unreasonable interpretation of the facts in light of the evidence presented in the state-court proceedings. 28 U.S.C. 2254(d). The first ground pertains to pure questions of law. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). The second ground pertains to mixed questions of law and fact. Id. at 870. To warrant relief, the state-court error must be "grave enough to be called 'unreasonable.'" Id. A state-court conclusion will stand if it is "one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 749 (7th Cir. 1997). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir. 1997). Finally, the third ground contemplates relief only where the facts are, by "clear and convincing evidence," demonstrably wrong. See 28 U.S.C. § 2254(e)(1).

### III. Discussion

Petitioner raises the following 10 issues in his petition for writ of habeas corpus: (1) whether the circuit court erroneously denied Petitioner access to the courts; (2) whether the

Illinois Appellate Court effectively denied Petitioner access to the Illinois Courts of review; (3) whether the Illinois Supreme Court effectively denied Petitioner access to the courts; (4) ineffective assistance of appointed counsel during the pretrial stages of the trial proceedings; (5) ineffective assistance of counsel during the preliminary hearing stages of the trial; (6) ineffective assistance of counsel during the trial; (7) prosecutorial misconduct during the trial and sentencing; (8) whether the circuit court judge committed plain error during the trial and sentencing; (9) ineffective assistance of counsel during the direct appeal; and (10) ineffective assistance of counsel during the post-conviction appeal. This Court addresses each ground in turn.

## A.  Claims 1-3: Denial of Access to the Courts

Petitioner's first three claims assert that he was denied access to the state courts when his petition to proceed *in forma pauperis* on his post-conviction appeal was repeatedly denied. Petitioner's first claim addresses the circuit court's denial of his petition; the second claim addresses the Illinois Appellate Court's alleged inadequate review of the circuit court's denial of his *in forma pauperis* petition; and the third claim addresses the Illinois Supreme Court's denial of McGee's petition for leave to appeal the acts and omissions of the Illinois Appellate Court, specifically its affirmance of the denial of his *in forma pauperis* petition. The crux of Petitioner's claims is that his petition was dismissed as frivolous and, as a result, he was summarily denied access to the Illinois courts. In denying Petitioner's petition, the state courts were acting according to the state *in forma pauperis* statute as provided under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-4. Thus, Petitioner's claims essentially are that the state violated its own laws, which is not a cognizable federal habeas claim.  Pulley v. Harris,

465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); see also U.S. ex rel Williams v. McVicar, 918 F. Supp. 1226, 1230 (N.D. Ill. 1996) (holding that a claim that the state appellate court erred in affirming dismissal of post-conviction petition was not cognizable on federal habeas review, as claim involved whether appellate court affirmance was proper under state law). Petitioner's first three grounds for habeas relief are therefore denied.

B. *Claims 4, 5, 6, 9, and 10: Ineffective Assistance of Counsel*

Petitioner's fourth, fifth, sixth, ninth and tenth claims are ineffective assistance of counsel claims. Claims 4, 5, and 6 address the ineffectiveness of Petitioner's trial counsel, claim 9 addresses the ineffectiveness of Petitioner's counsel on direct appeal, and claim 10 addresses the ineffectiveness of Petitioner's post-conviction counsel. Respondent argues that claim 10 is noncognizable under the AEDPA and that the remaining ineffective assistance claims are procedurally defaulted because Petitioner failed to raise them to the state courts. This Court agrees.

Petitioner's claim that he received ineffective assistance of post-conviction counsel is noncognizable. It is well established that there is no constitutional right to an attorney on a post-conviction appeal, Finley, 481 U.S. at 556-57, as the right to an appellate attorney extends only to a defendant's first direct appeal, Cuyler v. Sullivan, 446 U.S. 335, 344 (1980). Because Petitioner lacks a constitutional right as to this claim, it is noncognizable and the Court denies habeas relief for Petitioner on this ground.

Claims 4, 5, and 6 of Petitioner's habeas petition that Petitioner received ineffective assistance of trial and appellate counsel are procedurally defaulted because he failed to raise

them to the state courts. After receiving his conviction and sentencing, Petitioner appealed to the Illinois Appellate Court and raised three issues: (1) the trial committed prejudicial error by allowing into evidence improper other crimes evidence; (2) Petitioner was denied a fair trial by improper arguments by the prosecutor to the jury; and (3) Petitioner's sentences were excessive. On August 28, 1997, the Appellate Court affirmed Petitioner's conviction and sentences, and Petitioner subsequently filed his petition for leave to appeal to the Illinois Supreme Court. In that petition, Petitioner resubmitted the brief and reply brief that had been submitted to the Illinois Appellate Court. Thus, Petitioner clearly failed to raise claims of ineffective assistance of trial and appellate counsel.[1]

Petitioner, however, raised two claims of ineffective assistance of counsel in his post-conviction petition. These claims were that: (1) appellate counsel was ineffective in failing to argue that trial counsel was ineffective due to trial counsel's failure to object to improper and prejudicial arguments by the prosecutors and place same in her post-trial motion; (2) Petitioner received ineffective assistance of counsel when trial counsel failed to object to improper arguments by the prosecutor which were indirect references to the Petitioner's failure to take the witness stand in his own defense. Claims 4, 5, and 6 of Petitioner's habeas petition are not even remotely similar to the ineffective assistance of counsel claims Petitioner raised in his

---

[1] This Court notes that failure to raise ineffective assistance of counsel claims during the direct appeal is not necessarily dispositive. In Massaro v. U.S., ___ U.S. ___, 123 S.Ct. 1690 (2003), the Supreme Court recently created an exception to the general rule that claims not raised on direct appeal may not be raised on collateral review absent a showing of cause and prejudice. The Massaro Court held that ineffective assistance of counsel claims "may be brought in a collateral proceeding under §2255, whether or not the petitioner could have raised the claim on direct appeal." Id. at 1694. In this case, however, Petitioner proceeds under §2254, and so Massaro is not directly on point.

post-conviction petition. Rather, the habeas ineffective assistance of counsel claims are based on: failure to investigate facts relating to the photo array, arrest, line-up, and complaining witness identification (claim 4); failure to object to prosecution continuances (claim 5); and failure to investigate and interview prosecution witnesses and wrongfully advising Petitioner not to testify in his own defense (claim 6). As Petitioner raised these claims for the first time in this habeas petition, he did not satisfy the exhaustion requirement of presenting each claim fully and fairly to the state courts, see O'Sullivan v. Boerckel, 526 U.S. 838 (1999). See also Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998) (quoting Soleto v. Indiana State Prison, 850 F.2d 1244, 1252 (7th Cir. 1988) ("[I]f a petitioner fails to raise an issue in state court proceedings, he cannot raise it for the first time in a federal habeas corpus petition."). The Court therefore finds that Petitioner procedurally defaulted claims 4, 5, and 6.

Even though this Court finds that Claim 9 of Petitioner's habeas petition—that Petitioner's counsel failed to perfect direct appeal and/or raise constitutional claims--is similar enough to the claims raised in his post-conviction petition, it is still procedurally defaulted because Petitioner failed to raise the claim in his petition for leave to appeal the denial of his post-conviction petition. White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999) (holding that failure to include ineffective assistance of counsel claims in discretionary postconviction appeal to highest court of state was procedural default that barred resort to federal habeas relief).

Because this Court finds that claims 4, 5, 6, and 9 are procedurally defaulted, it may grant habeas relief on these grounds only if Petitioner is able to demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."

Rittenhouse v. Battles, 263 F.3d 689, 697 (7th Cir. 2001) (quoting Anderson v. Cowan, 227 F.3d 893, 899-900 (7th Cir. 2000)). Petitioner shows neither cause and prejudice nor that he fits in the fundamental miscarriage of justice exception. Petitioner's only argument is that his counsel was ineffective. This argument, however, does not excuse Petitioner's default because "the claim of ineffective assistance must be raised in state court before it can suffice on federal habeas relief as 'cause' to excuse the default of another claim (even if that other claim is also ineffective assistance of counsel). If the second claim of ineffective assistance of counsel is itself defaulted, the Petitioner will be fully defaulted." Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) (quoting Edwards v. Carpenter, 529 U.S. 446 (2000)); see also Lee v. Davis, 328 F.3d 896, 901 (7th Cir. 2003). As stated previously, Petitioner failed to raise claims 4, 5, and 6 to the state courts in either his direct appeal or his collateral proceeding. Further, Petitioner failed to raise claim 9 in his petition for leave to appeal the denial of his post-conviction petition and he offers no reason for this second level of default.[2] This Court finds that Petitioner does not meet his burden of demonstrating cause and prejudice that would excuse his default. Accordingly, the Court denies Petitioner habeas relief on claims 4, 5, 6, and 9.

---

[2] Further, Petitioner's argument that his postconviction counsel was ineffective does not excuse this second level of default because in order for ineffective assistance of counsel to serve as grounds to establish cause, Petitioner must first establish he had a right to counsel. Morrison v. Duckworth, 898 F.2d 1298, 1301 (7th Cir. 1990) ("[Petitioner] had no constitutional right to counsel when mounting his collateral attack on his conviction. Thus, he cannot rely on ineffective assistance of counsel during his state habeas proceedings as grounds to establish cause."). As Petitioner has no right to postconviction counsel, he cannot establish cause to excuse his default.

## C. Claims 7 & 8: Prosecutorial Misconduct & Trial Court Error regarding Other Crimes Evidence

Claims 7 and 8 of Petitioner's habeas petition are based on the prosecution's use of "other crimes" evidence during the trial and at sentencing. Although separate claims, the allegations in the claims overlap. Claim 7 primarily addresses prosecutorial misconduct during the trial by presenting evidence of an attack on another woman even though it did not obtain a certified "Statement of Conviction/Disposition" beforehand in violation of state law. Claim 8 argues that, by allowing the evidence of other crimes, the trial court committed plain error at trial and at sentencing because Petitioner received a sentencing enhancement as a result. This Court addresses each claim in turn.

### 1. Claim 7: Prosecutorial Misconduct

Petitioner claims that the prosecution engaged in misconduct during his trial by presenting testimony of a woman who had been attacked and who identified Petitioner as her attacker. Petitioner argues that the prosecution introduced this testimony in violation of state law because it did not present a Certified Statement of Conviction/Disposition against him for these crimes beforehand. Respondent argues that, because Petitioner raises this claim for the first time in this habeas petition, it is procedurally defaulted. This Court agrees.

As stated previously, Petitioner must have satisfied the exhaustion requirement of presenting each claim fully and fairly to the state courts, see O'Sullivan, 526 U.S. at 838, before he can seek habeas relief. Petitioner did not raise this claim to the state courts and the Court therefore finds he has defaulted this claim. Further, as Petitioner provides no evidence of cause and prejudice, nor does he show how being unable to proceed on this claim will result

-10-

in a fundamental miscarriage of justice, the Court does not excuse this default. Accordingly, the Court denies Petitioner habeas relief on this ground.

## 2. *Claim 8: Trial Court Error*

Petitioner's eighth claim addresses the trial court's error at trial and sentencing in allowing the prosecution to present evidence of other crimes. As with several of his other claims, Petitioner failed to raise the claim of trial court error during sentencing to the state courts. Thus, this portion of the claim is procedurally defaulted. Even if it were not defaulted, Petitioner's claim is based on the sentencing judge's alleged error of state law. He alleges that, upon his conviction, he was sentenced under a state statute that did not apply to him. As stated *supra* III.A., claims that the state violated its own laws is not a cognizable federal habeas claim. Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). This Court therefore denies Petitioner habeas relief on this ground.

The Court, however, reaches the merits of Petitioner's claim that the trial court erred during the trial by admitting the evidence of other crimes. Petitioner raised this claim on direct appeal to the Illinois Appellate and Supreme Courts. On appeal, the Illinois Appellate Court found that the trial court erroneously admitted other crimes evidence. The appellate court held that evidence of another crime is admissible only when there is a great deal of similarity between the crime for which the Petitioner was on trial and the past crime. The appellate court found that the other crime introduced at Petitioner's trial was not similar to the crime for which he was being tried. However, even though the appellate court found that the trial court committed plain error, it found this error was harmless because the Petitioner was

-11-

not denied the right to a fundamentally fair trial. It reached this conclusion because, based on the evidence presented at trial, the court was satisfied beyond a reasonable doubt that the error did not contribute to Petitioner's conviction. The court determined that the jury's verdict would have been the same absent the other woman's testimony.

This Court finds that the appellate court's holding was not contrary to established federal law. Generally, violations of state evidentiary rules "may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." U.S. ex rel. Searcy v. Greer, 768 F.2d 906, 910 (7th Cir. 1985) (citing Spencer v. Texas, 385 U.S. 554 (1967)). The appellate court properly found that the other crimes evidence in Petitioner's case did not create a fundamentally unfair trial. The record shows that there was more than sufficient evidence to convict Petitioner of the instant crime. The victim identified the Petitioner as her attacker both in a line-up and in court. Further, the state produced a still photograph of the victim's assailant taken from the bank surveillance camera as well as the photographs of Petitioner, which the jury had an opportunity to compare. Thus, this Court finds that the appellate court thoroughly reviewed the record in the case and that its holding that the admission of other evidence was harmless error is not contrary to established federal law. See id. at 910 ("In a federal habeas action, state fact determinations are presumed correct unless that determination 'is not fairly supported by the record.'") (citing 28 U.S.C. § 2254(d)(8)). The Court therefore denies Petitioner habeas relief on this ground.

## IV. Conclusion

For the foregoing reasons, Petitioner Vaughan McGee's petition for writ of habeas corpus is DENIED. This case is CLOSED.

Enter:

David H. Coar
United States District Judge

Dated: July 17, 2003