## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | FILE COPY |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3497 | **DATE** | 10/20/2003 |
| **CASE TITLE** | | Vaughn McGee vs. James Schomig | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petition for Certificate of Appealability

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____. Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
         ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ☒  [Other docket entry]     For the reasons given in the attached memorandum opinion, Petitioner's petition for a certificate of appealability [Doc. 15] is denied as to all the requested issues.

(11)  ☒  [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

OCT 21 2003
date docketed

docketing deputy initials

date mailed notice

jur(lc)

courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

16

FILE COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

| | | |
|---|---|---|
| VAUGHN McGEE | ) | |
| | ) | No. 00 C 3497 |
| Petitioner, | ) | |
| | ) | HONORABLE DAVID H. COAR |
| v. | ) | |
| | ) | |
| JAMES M. SCHOMIG, Warden, Pontiac | ) | |
| Correctional Center | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Vaughn McGee ("Petitioner" or "McGee") filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2254. This Court denied the petition. On August 20, 2003, McGee filed a timely Petition for a Certificate of Appealability. For the reasons stated in this opinion, the Petition for a Certificate of Appealability is denied on all the requested issues.

### FACTUAL & PROCEDURAL BACKGROUND

Petitioner was convicted of aggravated criminal sexual assault, aggravated kidnaping, aggravated criminal sexual abuse, and armed robbery. He received consecutive sentences for these crimes that will result in a total of 120 years in prison. On direct appeal, his conviction and sentence were affirmed in an unpublished opinion on August 28, 1997. The Illinois Supreme Court denied McGee's petition for leave to appeal. When his pursuit of collateral remedies in state court failed, he filed a timely habeas corpus petition in this Court. His habeas petition presented ten grounds for relief. This Court denied his petition on July 24, 2003. See United States ex rel. McGee v. Schomig, No. 00-C-3497, slip op. (N.D. Ill. July 24, 2003).

Petitioner, acting pro se, now seeks a certificate of appealability (COA). Petitioner purports to seek a COA on eight grounds, but four of those grounds can properly be treated together as they address ineffective assistance of trial counsel. Petitioner seeks a COA based on:

16

(1) trial counsel's ineffectiveness; (2) appellate counsel's ineffectiveness; (3) prosecutorial misconduct at trial; (4) state post-conviction *in forma pauperis* procedures; and (5) legal errors at sentencing.

## DISCUSSION

A.        **Standard of Review**

A petitioner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court explained how a district court should evaluate a request for a COA. When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484. When a district court has denied a petitioner's constitutional claims on procedural grounds "without reaching the prisoner's underlying constitutional claim," a COA should issue if jurists of reasons could debate whether the petition states a valid claim of the denial of a constitutional right *and* whether the district court was correct in its procedural ruling. Id. at 478.

The Supreme Court recently held that a petitioner need not demonstrate that he will prevail in order to receive a COA. See Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003) ("[A] COA does not require a showing that the appeal will succeed."). Rather, a petitioner must simply show that the Court's decision was debatable among reasonable jurists. "[A] claim can be debatable even though every jurist of reason might agree . . .that petitioner will not prevail." Id. 537 U.S. 322, 123 S. Ct. at 1040.

B.        **Ineffective Assistance of Trial Counsel**

Petitioner seeks a COA on his claims of ineffective assistance of trial counsel. This Court held that his claims relating to trial counsel's ineffectiveness were procedurally defaulted for want of exhaustion. See United States ex. rel. McGee v. Schomig, No. 00-C-3497, slip op. at

8 (N.D. Ill. July 24, 2003). Although the Court believes that the petition presents a colorable constitutional claim, in order to receive a COA, the Court's procedural determination must be debatable or wrong to jurists of reason. Since petitioner did not present these claims to the state courts, this Court does not believe that jurists of reason would find its conclusion that these claims were unexhausted and therefore procedurally defaulted debatable or wrong. Nor does the Court find that reasonable jurists would find its cause and prejudice analysis of these claims debatable or wrong. Consequently, Petitioner's request for a COA on his ineffective assistance of trial counsel claims is denied.

C.     **Ineffective Assistance of Appellate Counsel**

Petitioner's ineffective assistance of appellate counsel claim presents in a slightly different posture, as it was raised in his state post-conviction petition. This Court held that this claim was unexhausted and, therefore, procedurally defaulted because petitioner did not include the claim in his petition for leave to appeal to the Illinois Supreme Court. United States ex. rel. McGee v. Schomig, No. 00-C-3497, slip op. at 8 (N.D. Ill. July 24, 2003). At or around the time petitioner filed his petition for leave to appeal to the Illinois Supreme Court in 1999, the United States Supreme Court conclusively determined that exhaustion of claims required presentation to the state courts in petitions for discretionary review. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Consequently, the Court finds that reasonable jurists would not find its conclusion that this claim was procedurally defaulted for want of exhaustion debatable or wrong.

D.     **Prosecutorial Misconduct**

Petitioner seeks a COA on his claim relating to alleged misconduct of the prosecutor at his trial. This Court held that this claim was unexhausted and, therefore, procedurally defaulted because petitioner did not present the claim to the state courts. United States ex. rel. McGee v. Schomig, No. 00-C-3497, slip op. at 10-11 (N.D. Ill. July 24, 2003). Reasonable jurists would not find this decision debatable or wrong. Consequently, Petitioner's request for a COA is denied on this issue.

E.    **State Post-Conviction** *In Forma Pauperis* **Issue**

Petitioer seeks a COA on the issue of whether a state can properly deny him the ability to proceed *in forma pauperis* on his state post-conviction petition.  This Court held that petitioner sought relief for a violation of the state's own procedures under the Illinois Post-Conviction Hearing Act, which would not be cognizable on a habeas corpus petition in federal court.  See United States ex. rel. McGee v. Schomig, No. 00-C-3497, slip op. at 5 (N.D. Ill. July 24, 2003). While no jurists of reason would debate that violations of state law cannot be remedied on a petition for habeas corpus in federal court, jurists of reason might debate whether the inability to proceed *in forma pauperis* on a state court post-conviction petition implicates federal constitutional guarantees relating to access to courts.  See Griffin v. Illinois, 351 U.S. 12 (1956) (assuring indigent defendants the ability to obtain trial transcripts to pursue appeals); Douglas v California, 372 U.S. 353 (1963) (holding that indigent defendants must be provided counsel on direct appeal to assure meaningful access to courts).  Petitioner's claim, however, is not that Illinois does not permit post-conviction petitioners to proceed *in forma pauperis*, rather he contends that he personally has a constitutional right to proceed *in forma pauperis*.  His ability to proceed *in forma pauperis* on his state post-conviction petition was determined according to state law.  Petitioner has not shown that there is a constitutional infirmity in the *in forma pauperis* process in post-conviction proceedings in Illinois.  Moreover, an individual petition for habeas corpus in federal court would not be an appropriate vehicle to address alleged defects in the state court post-conviction *in forma pauperis* determination process.  Consequently, petitioner's request for a COA on this issue is denied.

F.    **Sentencing Errors**

Petitioner seeks a COA on the issue of whether the state court judge committed constitutional error at sentencing.  Petitioner highlights two alleged errors of the state court judge: (1) application of a particular statute and (2) admission of other crime evidence.  It is unclear whether the petitioner is seeking a COA on both of these alleged errors, but the Court

will proceed as though that were the case. On the issue of the statute's application, this Court made alternative rulings. First, the Court found that the claim was procedurally defaulted for want of exhaustion. United States ex. rel. McGee v. Schomig, No. 00-C-3497, slip op. at 11 (N.D. Ill. July 24, 2003). Second, the Court held that the alleged error was a state law error that was not cognizable on federal habeas review. Id. This Court finds that the conclusion that this claim was procedurally defaulted for want of exhaustion is not susceptible to debate among jurists of reason, so petitioner's request for a COA must be denied.

To the extent that the Petitioner also seeks a COA on the admission of other crimes evidence, his request must also be denied. This Court held that the holding of the Illinois Appellate Court that the error was harmless was not contrary to established federal law. United States ex. rel. McGee v. Schomig, No. 00-C-3497, slip op. at 12 (N.D. Ill. July 24, 2003). This conclusion is not susceptible to debate among jurists of reason.

## CONCLUSION

For the reasons given above, Petitioner's request for a certificate of appealability is denied.

Enter:


David H. Coar
United States District Judge

Dated: October 20, 2003